United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 16, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20151
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AGUSTIN CARRILLO-BANUELOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-236-ALL
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Agustin Carrillo-Banuelos pleaded guilty to unlawful reentry of a deported alien in violation of § 1326(a) and (b)(2), and was sentenced to 70 months of imprisonment to be followed by three years of supervised release. The district court imposed the condition of supervised release that Carrillo-Banuelos "shall not possess a firearm, destructive device, or any other dangerous weapon." Carrillo-Banuelos argues that this condition must be vacated because it is vague and overbroad.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Conditions of probation must be written and read in a "commonsense way." United States v. Paul, 274 F.3d 155, 167 (5th Cir. 2001). A commonsense reading of the condition requires that the intent to cause harm be present before an instrument which is not dangerous when used in its customary manner may be found to be a dangerous weapon. Carrillo-Banuelos has not shown that the district court erred by imposing the condition.

For the first time on appeal, Carrillo-Banuelos argues, pursuant to Apprendi v. New Jersey, 530 U.S. 466 (2000), that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are elements of the offense, not sentence enhancements, making those provisions unconstitutional. He concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but raises it for possible review by the Supreme Court.

Carrillo-Banuelos also argues that his sentence violates Blakely v. Washington, 124 S. Ct. 2531 (2004), because it is based on facts not admitted or found by a jury. As he concedes, this argument is foreclosed by United States v. Pineiro, 377 F.3d 464, 465-66 (5th Cir.), petition for cert. filed, (July 14, 2004) (No. 04-5263).

AFFIRMED.